```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**GARY GILLOM,**

                                    **Plaintiff,**

                                                                                CIVIL ACTION
              **vs.**                                                          No. 07-3304-SAC

**FLOYD GARDNER, et al.,**

                                    **Defendants.**

### ORDER

     This matter is before the court on a civil complaint filed under 42 U.S.C. § 1983 by an inmate confined in the Lansing Correctional Facility in Lansing, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

     Plaintiff must pay the full $350.00 filing fee in this civil action. 28 U.S.C. § 1915(b)(1). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2).

     Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined plaintiff's

records for that relevant period, the court finds the average monthly deposit to plaintiff's account is $3.46 and the average monthly balance is $14.49.  The court therefore assesses an initial partial filing fee of $2.50, twenty percent of the average monthly balance, rounded to the lower half dollar.  Any objection to this order must be filed on or before the date payment is due.  The failure to do so may result in the denial of plaintiff's motion for leave to proceed in forma pauperis, and the dismissal of this action without prejudice, without further prior notice to plaintiff.

The court also notes that plaintiff's complaint references exhibits as factual support for his claims, but no exhibits are in fact attached to the complaint.  The only attachment is a three page document titled as an "Evidence Exhibit Sheet" that lists exhibits A through F.

Rule 8 of the Federal Rules of Civil Procedure requires litigants to draft complaints that "give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief."  Perington Wholesale, Inc. v. Burger King Corp., 631 F.2d 1369, 1371 (10th Cir. 1979)).  Plaintiff is advised that absent supplementation of the complaint to provide these exhibits or some other factual basis for plaintiff's claims, the complaint is subject to being summarily dismissed as too bare to establish any claim for relief under 42 U.S.C. § 1983, or to establish any defendant's personal

participation in any alleged wrongdoing. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $2.50.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to supplement the complaint to avoid dismissal of the complaint as stating no claim for relief.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 26th day of February 2008 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge