IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GARY GILLOM,

                        Plaintiff,

          v.                              CASE NO.07-3304-SAC

FLOYD GARDNER, et al.,

                        Defendants.


                    O R D E R

     Plaintiff, a prisoner incarcerated in a Kansas correctional
facility, proceeds pro se on a complaint filed under 42 U.S.C. §
1983.  Plaintiff has paid the initial partial filing fee assessed by
the court under 28 U.S.C. § 1915(b)(1), and is granted leave to
proceed in forma pauperis.  Plaintiff remains obligated to pay the
remainder of the $350.00 district court filing fee in this civil
action, through payments from his inmate trust fund account as
authorized by 28 U.S.C. § 1915(b)(2).

     Plaintiff seeks relief on allegations related to his pretrial
confinement in the Wyandotte Adult Detention Center (WADC) in Kansas
City, Kansas, from October 5, 2006 to December 26, 2006.  Plaintiff
claims he was subjected to brutality, excessive force, and
harassment during his WADC confinement, and seeks damages from all
defendants in their individual capacity.  The defendants named in
the complaint are WADC Administrator Floyd Gardner, Wyandotte Deputy
Sheriff Davids, Wyandotte Sheriff Leroy Green, Jr., Wyandotte
Undersheriff Rick Mellotte, WADC Administrator Randell Henderson,
two "John Doe" WADC Administrators, and two "John Doe" Wyandotte

Sheriff Administrators.   Plaintiff has amended his complaint to expand his allegations and to include exhibits referenced in his original complaint but not attached to that pleading.

Plaintiff alleges he was subjected to the use of excessive force for no reason on October 5, 2006, when Deputy Sheriff Davids sprayed plaintiff with mace in plaintiff's cell, and then physically assaulted plaintiff and sprayed more mace when plaintiff walked away from the cell to get away from the fumes and to speak to a sergeant.[1]   Plaintiff supports his account with written statements from other prisoners.   Plaintiff claims Deputy Sheriff Davids threatened him a number of times using racial slurs, and claims administrators in the jail and sheriff's office failed to respond to his grievances about the October 5 incident, or to take any corrective action.

Because plaintiff is a prisoner, the court is required to screen the amended complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b).

To allege a valid claim under 42 U.S.C. § 1983, a plaintiff must sufficiently assert the denial of a right, privilege or immunity secured by federal law.   West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Section 1983 does not impose liability for violations of duties of care arising out of state tort law, DeShaney v. Winnebago County

---

[1]Plaintiff states he was then charged with a disciplinary offense of threatening an officer and refusing to lock down, for which he was placed in segregation for ten days.

DSS, 489 U.S. 189, 201-03 (1989), or for violations of state statutes, Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1209 (10th Cir. 1988).

*Deputy Sheriff Davids* -

Pretrial detainees are protected from excessive force that amounts to punishment under the Due Process Clause of the Fourteenth Amendment. Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988). To state a constitutional claim based on the use of excessive force, a prisoner or pretrial detainee must be able to show the force was administered maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. *See* Hudson v. McMillian, 503 U.S. 1 (1992)(stating Eighth Amendment standard); Parsons v. Bd. of County Comm'rs, 873 F.Supp. 542 (10th Cir. 1994)(excessive force claims by brought by pretrial detainees are analyzed under the Eight Amendment standard).

Having reviewed the amended complaint, the court finds plaintiff's pro se allegations as liberally construed and assumed true, see Jones v. Bock, 549 U.S. 199 (2007), are sufficient to state a plausible claim for relief against Deputy Sheriff Davids. Accordingly, the court concludes a response from Deputy Sheriff Davids is required, and is prepared to order the preparation of waiver of service of summons forms for this defendant, and the preparation of a Martinez report, once disposition of plaintiff's claims against the remaining defendants is resolved.

*All Other Defendants* -

As to the remaining defendants, the court finds plaintiff's claims are subject to being summarily dismissed for the following reasons.

Plaintiff essentially alleges jail and sheriff's office administrators failed to answer his grievances or take corrective action on his complaints about Deputy Sheriff Davids' conduct. This is insufficient to state a cognizable constitutional claim for relief under § 1983. Plaintiff has no constitutional right to an answer or any particular response to his inmate grievance forms. *See* <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991)("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."). Accordingly, no constitutional claim is presented on plaintiff's allegations that his inmate grievance forms were ignored and not investigated.

Additionally, plaintiff alleges no personal participation by any defendant other than Deputy Sheriff Davids in the use of force against plaintiff on October 5, 2006. *See* <u>Bennett v. Passic</u>, 545 F.2d 1260, 1262-63 (10th Cir. 1976)(personal participation is an essential allegation in a § 1983 action). It is well recognized that a plaintiff may not rely on the doctrine of respondeat superior to hold a defendant liable by virtue of the defendant's supervisory position. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981). In the present case, there is no allegation that any defendant knew that Sheriff Deputy Davids posed an excessive risk of harm to plaintiff's health and safety. "It is not enough to establish that the official should have known of the risk of harm." <u>Tafoya v. Salazar</u>, 516 F.3d 912, 921 (10th Cir. 2008)(quotation marks and citations omitted). Supervisory liability is possible only where there is an affirmative link between the

4

constitutional deprivation and the supervisor's personal participation, exercise of control, or failure to supervise. Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

The court thus directs plaintiff to show cause why all claims against all defendants but for Deputy Sheriff Davids should not be summarily dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief). The failure to file a timely response may result in these defendants being dismissed from the amended complaint for the reasons stated herein without further prior notice to plaintiff.

*Pending Motions -*

Plaintiff's motions for appointment of counsel and for pretrial discovery are denied without prejudice. Plaintiff has no right to the assistance of counsel in this civil action. Durre v. Dempsey, 869 F.2d 543, 647 (10th Cir. 1989). Having reviewed petitioner's claims, his ability to present said claims, and the complexity of the legal issues involved, the court finds the appointment of counsel in this matter is not warranted at this time. *See* Long v. Shillinger, 927 F.2d 525, 526-27 (10th Cir. 1991)(factors to be considered in deciding motion for appointment of counsel).

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff's motions for appointment of counsel (Docs. 3 and 7) and motion for pretrial discovery (Doc. 7) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why all defendants other than Deputy Sheriff Davids should not be summarily dismissed from the amended complaint for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 8th day of August 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge